IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ISAAC ALCOZER, ) ) ) | |
| Petitioner, ) | No. 11 C 7612 |
| v. ) ) | Judge Robert W. Gettleman |
| RANDY PFISTER, Warden, Pontiac Correctional Center, ) ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Isaac Alcozer has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

Following a 2003 bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of first-degree murder. The trial court rejected petitioner's self-defense claim and sentenced petitioner to 25 years in prison for the murder, plus an additional 25 years for personally discharging a firearm that caused the victim's death, pursuant to 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002).[1]

A direct appeal was taken to the Illinois Appellate Court, wherein petitioner contended that: (1) his first-degree murder conviction should be reversed because he was justified by using self-defense; (2) the trial court misinterpreted and misapplied the law regarding self-defense; (3)

---

[1]This provision mandates the addition of 25 years to natural life to the sentence of any defendant who personally discharged a firearm during the commission of the offense that proximately caused great bodily harm or death to another person.

his first-degree murder conviction should be reduced to second-degree murder; (4) the sentencing enhancement statute should be interpreted to apply only in cases where the basis for the enhancement is not the murder victim's own death; (5) the sentence enhancement violated the prohibition against double enhancements because it provides an additional punishment for an element that is inherent in the offense itself—namely, causing death to another person; and (6) the sentence enhancement statute violates due process because it does not bear a reasonable relationship to the public interest of punishing the risk that firearms pose to others when used during the commission of murder. In December 2005, the Illinois Appellate Court affirmed petitioner's conviction and sentence. People v. Alcozer, No. 1-04-0806 (Ill. App. Ct. Dec. 13, 2005) (unpublished order pursuant to Illinois Supreme Court Rule 23). Petitioner filed a pro se petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied on September 27, 2006. People v. Alcozer, 857 N.E.2d 674 (Ill. 2006). Petitioner's PLA addressed the same claims that had been raised to the Illinois Appellate Court. Petitioner did not file a petition for a writ of certiorari to the Supreme Court of the United States.

On April 19, 2007, petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq. in the Circuit Court of Cook County. In his pro se postconviction petition, petitioner argued that, (1) he was illegally arrested and his pretrial motion to quash should have been granted, and (2) he received ineffective assistance of counsel[2] because counsel had failed to

---

[2]Petitioner and respondent both assert that petitioner raises an ineffective assistance of appellate counsel claim in this petition. Petitioner also, however, indicates in the instant petition that he raised ineffective assistance of trial counsel in his postconviction petition. Dkt. 1, p. 3. Because respondent has not filed with the court petitioner's postconviction petition, the court is unable to determine whether, as the parties assert, petitioner raised an ineffective assistance of appellate counsel claim, or whether he challenged his trial counsel's assistance, as the trial court and Illinois Supreme Court both stated on postconviction review.

continue challenging the legality of his arrest. On June 21, 2007, the trial court summarily dismissed petitioner's pro se postconviction petition, finding that because petitioner had failed to raise the claims on direct appeal, the doctrines of waiver and res judicata barred consideration of those claims. The trial court concluded that the issues raised and presented by petitioner were frivolous and patently without merit. In addition to dismissing the petition, the trial court ordered that petitioner pay a total of $359 in costs and fees pursuant to 735 ILCS 5/22-105 (West 2006).

On appeal, petitioner challenged only the trial court's imposition of costs and fees for the filing of a frivolous postconviction petition. On February 9, 2009, the Appellate Court affirmed the trial court's assessment of costs and fees, but adjusted the total amount owed by petitioner. People v. Alcozer, No. 1-07-2092 (Ill. App. Ct. Feb. 9, 2009) (unpublished opinion under Rule 23). Petitioner's subsequent postconviction PLA to the Illinois Supreme Court, which was granted, also presented only the fees issue. The propriety of the fees was the sole issue briefed in the Illinois Supreme Court. On March 24, 2011, the Supreme Court affirmed the Appellate Court's judgment. People v. Alcozer, 948 N.E.2d 70, 81 (Ill. 2011).

On October 25, 2011, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims:

1. Petitioner's conviction of first-degree murder should be reduced to second-degree murder because the evidence at trial established that at the time of the killing, he had a sincere but unreasonable belief that his actions were justifiable self-defense;

2. The twenty-five year sentencing enhancement for discharging a firearm is unconstitutional because it:

    a. amounts to additional punishment for an element which is inherent in the offense itself—namely, causing death to another person—thus violating the prohibition against double enhancements; and

> b. violates the due process clause since it does not bear a reasonable relationship to the public interest of punishing the risk that firearms pose to others when used during the commission of murder; and
>
> 3. Petitioner's appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in denying petitioner's motion to quash arrest and suppress evidence.

## LEGAL STANDARDS

### I. 28 U.S.C. § 2254

This petition is governed by the provisions of the AEDPA, see Lindh v. Murphy, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal courts are not authorized to grant habeas relief based on errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citations omitted).

The court can grant an application for habeas relief only if the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." Williams v. Taylor, 526 U.S. 362, 383 (2000).

A state court's decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "if the state

court confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at a result opposite to" the Court. Id. at 404-06. The decision by a state court is deemed to involve an "unreasonable application" of clearly established federal law if the state court correctly identifies the governing legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. Johnson v. Bett, 349 F.3d 1030, 1034 (7th Cir. 2003) (citations omitted). A federal habeas court, however, "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." Williams, 562 U.S. at 409. It is a difficult standard to meet, because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

## II. Procedural Default

Further, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his remedies in the state courts. 28 U.S.C. § 2254(b); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failure to take claim through one complete round of appellate process results in procedural default). In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme

5

Court. See O'Sullivan, 526 U.S. at 845. If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits. Id. at 848. Failure to properly exhaust state remedies can also occur when the state court disposes of the claim on an independent and adequate state procedural ground. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

For a state's procedural ground to be adequate, it must be applied in a "consistent and principled" manner, meaning that it is "firmly established and regularly followed." Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003) (citations omitted). For the state court's decision to be independent, "the court must have actually relied on the procedural bar as an independent basis for its disposition of the case." United States ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001) (internal quotations and citations omitted). Further, the state court's reliance on the procedural bar must be clear: "[a] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (quoting Harris v. Reed, 489 U.S. 225, 263 (1989)).

Under Illinois state law, "any issues considered by the court on direct appeal are barred by the doctrine of res judicata, and issues which could have been raised on direct appeal [but were not] are deemed waived" on Illinois postconviction review. 725 ILCS 5/122-1 et seq.; People v. W., 719 N.E.2d 664, 674 (Ill. 1999).

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501

6

U.S. at 750. To demonstrate cause and prejudice, the petitioner must show that an "objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007) (internal quotations and citations omitted). "Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent. To show 'actual innocence,' [the petitioner must] present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002).

## ANALYSIS

**I.     Claim 1: Reduction to Second-Degree Murder**

First, petitioner contends that the evidence presented at trial was insufficient to convict him of first-degree murder. Specifically, petitioner argues that he should have been convicted of second-degree murder because he satisfied a mitigating factor under Illinois law in that he believed, albeit mistakenly, that the use of force was necessary to prevent the killing or infliction of great bodily harm upon himself. To the extent petitioner is arguing a violation of state law, this claim is not cognizable in a federal habeas proceeding. Estelle, 502 U.S. at 67 (stating that matters of state law are outside the purview of federal habeas corpus);Lambert v. Davis, 449 F.3d 774, 778 (7th Cir. 2006) ("Federal habeas courts lack subject-matter jurisdiction over [state law] issues.").

Petitioner suggests that his first-degree murder conviction violates <u>Jackson v. Virginia</u>, 443 U.S. 307, 316-20 (1979), which held that the state's evidence must be sufficient to establish each element of the crime beyond a reasonable doubt. Petitioner's claim, however, falls outside the scope of <u>Jackson</u>. The elements of first-degree murder under Illinois law are: (1) "the defendant's actions resulted in the victim's death"; and (2) "the defendant knew his acts would result in the victim's death or had knowledge that his actions created a strong probability of death or great bodily injury to the victim." 720 ILCS 5/9-1(a). Petitioner does not argue that there was insufficient evidence regarding either of these elements; rather, he argues that he introduced sufficient evidence of an affirmative defense to mitigate his offense to second-degree murder.

Under Illinois law, once the state has proven first-degree murder, a defendant may have the offense reduced to second-degree murder if he demonstrates a mitigating factor by a preponderance of the evidence, including that he believed, albeit mistakenly, that the killing was justified by self-defense. 720 ILCS 5/9-2(a)(2). The absence of a mitigating factor is <u>not</u> an element of first-degree murder that must be proven by the state; rather, the burden of proving a mitigating factor is on the defendant. 720 ILCS 5/9-2(c). Here, the Illinois Appellate Court determined that petitioner had not met his burden of establishing the mitigating factor of a sincere but unreasonable belief in self-defense.[3] Therefore, the prosecution, under Illinois law,

---

[3]In reaching this conclusion, the Appellate Court specifically quoted the dispositive findings made by the trial court, <u>Alcozer</u>, No. 1-04-0806, at 9, which stated in relevant part: "Because of the aggressive nature of [petitioner's] approach his initial words were aggressive and hostile, he's the one that produced the handgun and as an initial aggressor use of force here was not legally justified. <u>There was no reasonable belief in self-defense</u> . . . . The [petitioner] wasn't legally justified using the force that he had used and based on the law and the facts here, the law requires a finding of guilty."

was not required to disprove it beyond a reasonable doubt. Rules concerning what elements are necessary to establish a crime are matters of state law and are not subject to federal habeas review. See Estelle, 502 U.S. at 68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). For these reasons, petitioner's claim falls outside of Jackson, and instead appears to be premised on his belief that he proved self-defense by a preponderance of the evidence under state law. Accordingly, this state law claim is not cognizable on review by this court. See id.

## II. Claim 2: Whether Illinois's 25-Year-to-Life Sentence-Enhancement Unconstitutional

Petitioner next argues that his constitutional rights were violated by Illinois's 25-year-to-life enhancement statute, which mandated a sentencing enhancement in his case. Specifically, petitioner contends that the sentencing enhancement for discharging a firearm is unconstitutional because it violates: (1) the prohibition against double enhancements, and (2) the due process clause.

### A. The "Prohibition" Against Double Enhancements

Initially, petitioner asserts that the 25-year mandatory enhancement to his murder sentence is unconstitutional because it amounts to additional punishment for an element that is inherent in the offense itself—namely, causing death to another—thus violating the prohibition against double enhancements.

There are two fatal flaws in petitioner's argument. First, the right petitioner asserts is not a cognizable federal constitutional claim. See, e.g., United States ex rel. Carter v. Gaetz, No. 10 C 3857, 2011 WL 759997, at *4 (N.D. Ill. Feb. 24, 2011) (finding that a double enhancement argument did not relate to federal constitutional issues); United States ex rel. Kelley v. Haws,

9

No. 98 C 4707, 2001 WL 300306, at *2 (N.D. Ill. Mar. 28, 2001) (same). Therefore, the court cannot review this claim under § 2254.

Moreover, even if this claim were cognizable, it is meritless. There is nothing to suggest that the additional 25-year sentence amounted to an impermissible double enhancement. Because first-degree murder can be committed without using a firearm, the discharge of a firearm is not inherent in the offense. 720 ILCS 5/9-1(a); See, e.g., People v. Sawczenko-Dub, 803 N.E.2d 62, 75-76 (Ill. App. Ct. 2003) ("[The] use of a firearm is not an essential element of first-degree murder . . . first-degree murder can be committed in any number of ways."). The firearm factor was not necessary to prove petitioner guilty beyond a reasonable doubt of first-degree murder. 730 ILCS 5/5-8- 1(a)(1)(d)(iii); see People v. Moore, 797 N.E.2d 217, 227-31 (Ill. App. Ct. 2003). Therefore, the use of a firearm to cause the death of a victim, not the death itself, was the factor that rendered petitioner eligible for the enhancement.

### B. Whether Illinois's Firearm Enhancement Violates Due Process

Petitioner also contends that the mandatory enhancement for personally discharging a firearm during the commission of murder violates the due process clause. Petitioner reasons that the provision "does not bear a reasonable relationship to the public interest of punishing the risk that firearms pose to others when used during the commission of murder." Dkt. 1, pp. 15-16. On direct review, the Illinois Appellate Court rejected this claim based on People v. Sharpe, 839 N.E.2d 492, 523 (Ill. 2005), which held that "[u]nquestionably, the 15/20/25-to-life enhancements are reasonably designed to remedy the particular evil the legislature was targeting, i.e., firearm use." Therefore, the Appellate Court concluded that the enhancement did not violate due process.

This conclusion was neither contrary to, nor an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1); <u>Williams</u>, 526 U.S. at 383. The Supreme Court has held that state courts are free under the due process clause to impose whatever punishment is authorized by statute for the offense, so long as that penalty has a rational basis and is not cruel and unusual. <u>Chapman v. United States</u>, 500 U.S. 453, 465 (1991). In addition, the Supreme Court has often expressed its reluctance to intrude on the state function of defining crimes and punishments. <u>See, e.g.</u>, <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 86 (1986); <u>Patterson v. New York</u>, 432 U.S. 197, 201 (1977).

Although petitioner claims that the Illinois legislature did not have a rational basis for distinguishing between persons convicted of offenses while armed from those who commit offenses while unarmed, this assertion is unfounded. As the Illinois Supreme Court reasoned in <u>Sharpe</u>, the Illinois legislature made specific findings to justify the firearm enhancement, including that the use of weapons poses a greater threat to public safety, that such use facilitates the commission of felonies, and an enhancement is likely to deter use of firearms in commission of a felony. 839 N.E.2d at 523; <u>see</u> 720 ILCS 5/33A-1(a), (b) (West 2000). The Court concluded that punishing more severely felonies involving firearms was rationally related to the legitimate state interest of protecting public safety and welfare given the greater danger posed by this type of felony. <u>Sharpe</u>, 839 N.E.2d at 522-524. Petitioner is unable to point to any Supreme Court precedent even suggesting that such a justification would not satisfy rational basis review. Accordingly, the Illinois Appellate Court's rejection of petitioner's due process challenge to the firearm enhancement was a reasonable application of United States Supreme Court precedent. <u>See</u> <u>United States ex rel. McIntosh v. McCann</u>, No. 09 C 0518, 2009 WL 2244618, at *5 (N.D.

11

Ill. July 27, 2009) (in denying habeas relief, finding a rational basis for Illinois's 25-year-to-life firearm enhancement).

### III.     Claim 4: Ineffective Assistance of Counsel

Petitioner's fourth and final argument is that he received ineffective assistance of appellate counsel because counsel failed to challenge the trial court's denial of petitioner's motion to quash his arrest and suppress evidence. Petitioner did not raise this claim to the Illinois Appellate Court or the Illinois Supreme Court on postconviction review. Further, as discussed above, it is unclear whether petitioner even raised this claim in his postconviction petition; based on the state-court record, it appears that petitioner challenged only his trial counsel's performance. Either way, petitioner's challenge to his appellate counsel's performance is procedurally defaulted. See O'Sullivan, 526 U.S. at 845; Stevens, 489 F.3d at 894.

Where, as here, a petitioner has procedurally defaulted a claim, he may obtain federal habeas relief only if he can show either cause and prejudice for the default (i.e., some external obstacle prevented petitioner from presenting his claim to the state courts) or that a failure to grant him relief would result in a fundamental miscarriage of justice (i.e., a claim that the constitutional deprivation probably has resulted in a conviction of one who is actually innocent). See Bintz v. Bertrand, 403 F.3d 859, 863 (7th Cir. 2005).[4]

To establish cause for his procedural default, petitioner seizes upon the deficiencies in his postconviction counsel's performance. Specifically, petitioner contends that the ineffective assistance of his postconviction appellate counsel—in failing to argue that his appellate counsel

---

[4]Petitioner does not argue actual innocence, nor does it appear he could satisfy the exacting standard under the "miscarriage of justice" exception.

12

was ineffective for failing to challenge the trial court's denial of petitioner's motion to quash arrest and suppress evidence—constitutes cause for his procedural default.

To show cause, a habeas petitioner could try to demonstrate that his counsel's performance was so deficient as to violate the Sixth Amendment guarantee of effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). Before a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, however, he must first have a right to counsel. Petitioner had no constitutional right to counsel when mounting his collateral attack on his conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that there is no constitutional right to representation in collateral postconviction proceedings). Therefore, petitioner could not have been unconstitutionally deprived of the effective assistance of postconviction counsel, because he was not constitutionally entitled to such counsel. See id. That is, petitioner's claim that he is in custody as a result of the ineffective assistance of his postconviction counsel is not a claim that he is in custody "in violation of the Constitution of the United States." 28 U.S.C. § 2254(a). Accordingly, the court is without jurisdiction to review this claim.

## IV. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Cir. Ct. of Cook Cnty., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Id. at 484-85. When "the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct." Id.

Here, this court concludes that: (1) petitioner's sufficiency of the evidence claim presents a noncognizable question of state law; (2) petitioner's double enhancement claim does not implicate any federal constitutional right; (3) the Illinois Appellate Court's decision that Illinois's 25-year-to-life firearm enhancement did not violate due process was neither contrary to, nor an unreasonable application of, Supreme Court precedent; and (4) petitioner procedurally defaulted his ineffective assistance claim by failing to raise it in one complete round of state court review, and that failure is not excused by cause and prejudice or by a showing of actual innocence. Reasonable jurists could not find otherwise. The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:** October 1, 2014

_____
**Robert W. Gettleman**

**United States District Judge**